IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFF T.,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>Defendant, | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case Number: 2:21-cv-000371-CMR<br><br>**Magistrate Judge Cecilia M. Romero** |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 11). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act) (ECF 19). After careful review of the record (ECF 16), the parties' briefs (ECF 19, 23, and 26), and arguments presented at a hearing held on August 11, 2022 (ECF 28), the Court concludes that the Commissioner's decision is supported by substantial evidence. For the reasons stated on the record at the Hearing and for the reasons set forth below, Plaintiff's Motion for Review of Agency Action (ECF 19) is DENIED, and the Commissioner's decision is AFFIRMED.

I.   BACKGROUND

On July 19, 2019, Plaintiff applied for social security disability benefits alleging disability that began May 14, 2019 (Tr. 23, 110, 270). Plaintiff alleged disability due to breathing and heart

problems (Tr. 340, 110–123). Plaintiff had a stroke in 1991, more than 25 years before the period at issue in this case (Tr. 511), and he testified his nondominant left hand was weak (Tr. 48, 53). Plaintiff worked for many years after the stroke and did not allege disability based on that stroke (Tr. 291). He had heart surgery in August 2019, and by September 2019, he felt "relatively good from a heart standpoint" (Tr. 516). In 2020, the agency attempted to send Plaintiff to a consultative examination in Utah to test his lung problems (Tr. 135). Plaintiff declined to attend the examination and told the agency "he is still able to work as a mechanic whenever he wants to work," that he had moved to Texas, he was "currently looking to get a job as a mechanic," and that "his conditions are not currently preventing him from being able to work" (Tr. 135).

Plaintiff's claim for disability benefits was denied on December 10, 2019 (Tr. 110–123) and on reconsideration on August 20, 2020 (Tr. 126–38). After a hearing on March 12, 2021 (Tr. 36–89), the ALJ issued a decision unfavorable to Plaintiff on August 20, 2019 (Tr. 21–35).

In his decision, the ALJ found Plaintiff had worked at several part-time jobs since the onset of his disability but that work did not qualify as substantial gainful activity (Tr. 25). The ALJ found Plaintiff had the severe impairments of sequela of a cardiovascular injury, including mild left-sided paresthesia and memory issues; chronic heart failure; chronic obstructive pulmonary disease, and recurrent edema and recurrent thromboses (Tr. 25). The ALJ also found that Plaintiff has non-severe impairments of cirrhosis of the liver, gastroesophageal reflux disease, and hernia (Tr. 25). In its residual functional capacity assessment, the ALJ found Plaintiff was capable of light work with some restrictions (Tr. 26). Given this residual functional capacity, the ALJ found Plaintiff

could perform his past work as a document specialist, general clerk, and customer service clerk (Tr. 30–31). Consequently, the ALJ found Plaintiff not disabled (Tr. 31).

The Appeals Council denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the final decision of the Commissioner. This appeal followed. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court has reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id*. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *E.g.*, *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The doctrine of harmless error could also apply in the "right exceptional circumstance," when "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

### III.     ANALYSIS

Plaintiff raises three arguments: (1) asserting a variety of issue preclusion doctrines (ECF 19 at 10–18); (2) challenging the ALJ's determination that State agency physician Dr. Morrison's findings were only partially persuasive (ECF 19 at 18–21); and (3) contesting whether he could realistically perform the work the ALJ determined he could perform, claiming that he had additional manipulative limitations (ECF 19 at 21–23). As discussed below, the Court finds each argument without basis.

As a threshold matter, many of Plaintiff's arguments are not fully developed. The court is only obligated to consider and discuss those of contentions that have been adequately briefed for our review. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review."); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

### A.     Plaintiff's Invitation to Apply Issue Preclusion Doctrines Is Undeveloped.

Plaintiff points to his long history of several preceding social security appeals and asserts the doctrines of res judicata, collateral estoppel, the law of the case, the mandate rule, and equitable estoppel require reversal of the ALJ's decision in this case. Plaintiff's most recent preceding application for benefits was denied (Tr. 95–103). That prior ALJ decision was on appeal in federal court when the ALJ issued his subsequent unfavorable decision at issue here (*see* ECF No. 19 at 1). That decision was still on appeal when the briefing occurred in this case but had been decided by the date of oral argument. Plaintiff points to that decision and to all of the prior decisions in his history of social security appeals, as a whole, to illustrate that different ALJ's make different

determinations, particularly regarding which types of jobs he is expected to be able to perform. The thrust of his argument is that at some point the agency should be held to one decision rather than subjecting a claimant with multiple appeals with differing results.

Plaintiff cites the general rule and elements for each of the preclusive doctrines he points to, but he does not otherwise develop his theories of the case in his briefing or at the hearing in this matter. He points to no social security cases where those doctrines have been applied. He nevertheless invites this court to adopt these doctrines into the law of social security appeals. Counsel conceded at the hearing that the legal pathway to make such changes to the law of social security appeals was not provided to the court. The court declines the invitation to adopt new doctrines in this area of law in this case where the legal authority was sparse. *Keyes-Zachary*, 695 F.3d at 1161; *Chambers*, 389 F.3d at 1142.

**B.    Plaintiff Offered No Legal Authority Regarding the ALJ's Consideration of Dr. Morrison's Opinion.**

Plaintiff's second issue contests the ALJ's consideration of Dr. Morrison's opinion regarding how much Plaintiff can walk each day. Dr. Morrison is a state agency physician who found that Plaintiff could stand or walk for only four hours per day (Tr. 119–121). The ALJ addressed Dr. Morrison's opinion but found it "lacks support from the objective medical record" (Tr. 30). Plaintiff asserts that the ALJ erred in finding Dr. Morrison's opinion about Plaintiff's standing and walking unpersuasive (ECF 19 at 18). It was unclear from the briefing what legal basis or theory Plaintiff was relying on with respect to Dr. Morrison's opinion. At oral argument, Plaintiff made clear that he was challenging the ALJ's residual functional capacity (RFC) finding.

5

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ's decision summarizes the five-part sequential evaluation process. A claimant's residual functional capacity (RFC) is determined in the third step of the process. *Id.* The RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. A person's RFC is the most a claimant can do, despite symptoms from his impairments. 20 C.F.R. § 416.945(a)(1).

It is not uncommon to contest an ALJ's RFC determination by contesting the persuasive value of medical opinions. The ALJ considers the persuasiveness of medical opinion evidence utilizing the factors outlined in the social security regulations. 20 C.F.R. § 404.1520c(a). There are five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 404.1520c(c); *id.* § 416.920c(c). "The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability [and] consistency." 20 C.F.R. § 404.1520c(b)(2). While there are five factors, the ALJ is only required to articulate the supportability and consistency factors in its determination. *See* 20 C.F.R. § 404.1520c(b)(2), (3); *id.* § 416.920c(b)(2), (3).

Plaintiff, however, cites no law and offers no legal support for his argument challenging the ALJ's evaluation of Dr. Morrison's opinion (ECF 19 at 18–21). Rather, Plaintiff cites only other parts of the medical records. The court is not able to infer Plaintiff's arguments. Accordingly, the Court rejects his assertion that the ALJ erred when it found Dr. Morrison's opinion

unpersuasive. *Keyes-Zachary*, 695 F.3d at 1161; *Chambers*, 389 F.3d at 1142. To the extent Plaintiff was suggesting the court read the medical records differently than the ALJ and reach a different conclusion, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

C. **Substantial evidence supports the ALJ's decision to find Plaintiff's subjective statements inconsistent with the record.**

The final issue raised by Plaintiff is whether he could return to his past relevant work or perform any of the jobs the vocational expert and the ALJ determined he could perform (ECF 19 at 21–23). That determination occurs at step four of the five-step analysis. "[A]t step four it is plaintiff's burden to prove that [he] cannot perform any of [his] past relevant work, not the Commissioner's burden to prove that [he] can." *Grant-Lewis v. Astrue*, 07-2447, 2008 WL 4891250, at *11 (D. Kan. Nov. 12, 2008).

Plaintiff pointed to his stroke in 1991 and the limitations he has experienced since that stroke. The ALJ explained that he found Plaintiff's subjective complaints about the impacts of the stroke inconsistent with the medical evidence presented because, while Plaintiff alleged disabling limitations stemming from the 1991 stroke, "he was still able to work full-time at above [substantial gainful activity] levels at various jobs over many years" (Tr. 27). Nevertheless, the ALJ acknowledged those limitations and incorporated the stroke-related impairments into its RFC determination (Tr. 29). The ALJ also observed that Plaintiff told the agency his impairments were not preventing him from being able to work and that he was able to work whenever he wanted to return to work (Tr. 29, 135). Finally, the ALJ noted that there was no objective evidence of any

7

problems with Plaintiff's left side but nevertheless made some accommodation for the limited use of the left hand (Tr. 29).

In challenging the ALJ's decision, Plaintiff does not identify any legal error. Instead, Plaintiff points to other evidence that could support a contrary conclusion, namely evidence that he has been unable to perform certain types of work. As noted above, the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax*, 489 F.3d at 1084. Under the substantial evidence standard of review, this Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *E.g.*, *Hendron*, 767 F.3d at 954; *Lax*, 489 F.3d at 1084.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the ALJ's decision is supported by substantial evidence and is therefore AFFIRMED, and Plaintiff's Motion for Review of Agency Action (ECF 19) is DENIED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 22 August 2022.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah